May it please the Court, Jill Thayer for Respondent Appellant, and I'd like to reserve two minutes for rebuttal. In Lambert v. Blodgett and Buckley v. Terhune, this Court concluded that the lack of a testimonial evidentiary hearing does not foreclose AEDPA deference. Counsel, in your opening brief, you told us that if the Supreme Court granted cert and reversed Nunez, we should reach the merits of this appeal. And if they denied cert, which they have, you wanted the panel to request and bank from the unbanked court. And then Lambert and Buckley were decided, and that totally changed, as far as I could read the law, that seemed to change the broad statement in Nunez. The Nunez Court made broad statements that there's no evidence. That are binding and controlling on this Court? Yes. They certainly weren't overruled, because we wouldn't do that. Exactly. But Buckley and Lambert both confined Nunez to its facts. We don't confine cases to our facts in this Court. Cases are binding precedent, and we don't say they only apply to the case before it. Surely, those esteemed judges who wrote the two cases wouldn't have done anything like that. But they said, in Lambert, they said Nunez is not contrary to our holding. And I would submit that this case is far closer to the Buckley case than the Nunez case or the Lambert case. In fact, in Buckley, the Court made clear that an evidentiary hearing can occur on a written record, which is what happened in this case. Sure. If you don't need any more evidence, if the written record is adequate, it could. There's no question that you can have a hearing. And I think they said that they were offered a hearing there. And they took they were satisfied with a written hearing, with the written evidence that was submitted. It was either one of those, Lambert or Buckley. I don't remember which. But the Court said in one of them they had a hearing. It was on the written record. They produced written material. And that was a hearing. Of course it can be a hearing. And they said at no time did he request oral argument or request rehearing or? Well, I think the rule in California is that if you request in the habeas, you allege ineffective assistance. It's treated as a request. Isn't that correct? I'm sorry. I didn't follow. You don't have to specifically in California ask for an oral evidentiary hearing once you present an effective assistance claim, that that constitutes a request? I don't know what type of a request is required, but I do know that in this petition they said that they believed that the statements in the petition were adequate for the And Buckley did say that State courts don't have to correspond to order testimony of an entry hearing when they're not requested or when the need is not apparent. That's what it said. That's correct. That's what Buckley said. And in Buckley, just like in this case, the district court believed, and this is quoting basically from Buckley, the district court believed, based on evidence not presented in the State court, that because the State court did not hold a testamentary evidentiary hearing, and by that I'm saying, as opposed to a hearing on the record, that the process was flawed and that the State court's finding need not be honored in federal court. In this court, the district court used the language of premature, which is essentially saying we don't have enough facts before us. And it was Mr. Garcia's obligation to put the facts in front of the State court. In fact, one of the written evidentiary materials that Mr. Garcia relied on in federal court was this letter, which the State believes is ambiguous and not clear and convincing evidence anyway, but anyway, Garcia submitted this letter, which he had. He had at the time. He filed his petition in State court, and he failed to introduce it. And then the district court looked at it and said, okay, this letter is enough to convince us that Mr. Garcia would have accepted this offer had he been advised correctly. In Buckley, the court said, we conclude the petitioner had a full, fair, and complete opportunity to present evidence to the State courts, of which he took full advantage. He had an evidentiary hearing, albeit on the written record. In his petition to the superior court, he included five evidentiary exhibits. Superior court judge referred to the evidence on the record before him, asked for and received a response to certain factual assertions and submissions by the respondent, and then made a reasoned decision in light of the evidence presented, thus the State court's fact-finding process easily survives an intrinsic review. They decided those were the only facts that were relevant, and he had a full opportunity to present all those facts. And that seemed to be absolutely correct in that case. But doesn't it depend on what the facts are in the case whether you need an evidentiary hearing and what's been presented to the court, whether that presents all of the relevant material? That's Mr. Garcia's obligation to present those facts to the State court. He did present an affidavit from him, didn't he? He presented an affidavit from himself and an affidavit from his appellate attorney. And I'd just like to speak for a few minutes about that affidavit, because the State court initially said the affidavit is hearsay, but then it went on to say, in any event. And I think that means, the way I write in my briefs and the way I've seen other federal opinions, in any event means even if we were to consider this for the truth of the matter asserted, he has shown no prejudice. And I think the problem that happened in the district court is, and in the petition for review that was filed in the California Supreme Court and in Mr. Garcia's original petition, he assumed that the State court did not consider his appellate attorney's declaration for the truth of the matter asserted. But the State court used the language, in any event, which means we will consider it. We will consider your evidence, and still you have shown no prejudice. The district court in its initial ruling, giving an evidentiary hearing, said, well, but it's really troubling if Mr. Garcia's attorney told him that he would get 13 years, whether or not he took that offer. Well, the State court was certainly within reason in finding, looking at the appellate attorney's declaration and saying, no, the appellate attorney never said that in his declaration. He did not say that I told him he would get 13 years regardless. I told him most likely 18 years. And the district court didn't take that into account. But Mr. Garcia's evidence was considered by the State court, and that evidence was not deferred to in federal court, which is required under Buckley. I'm not quite sure what you're saying. You're saying we should assume, like the State court, that he was misadvised as to what the maximum sentence would be. Like the State court. Yeah. And so he was misadvised, but that wouldn't be prejudicial, because it wouldn't matter what he was told. So are we down to a legal question there? Under the circumstances, we're down to the facts. That he found the length of the term. He was 19 years old. A 13-year term was prohibitive. That he insisted on his innocence, and that was in the record. That he vehemently denied weapon use. And that there was no evidence in the record. There was no weapon found in his home. You know, they had the entire record of the trial before him. It was a very lengthy appeal. Suppose he had thought the alternative to taking was capital punishment. Well. The court seemed to think it didn't matter whether he was misadvised about what the term was. Certainly at some point a maximum of summary execution or something like that would take it into account. But in the universe of this case, it didn't make a difference. And I have 30 seconds for rebuttal, so I'd like to. What kind of a question is that as to what would make a difference? You think that's a factual question or a legal question or what? That once you look at all the facts, then whether he was prejudiced is a legal question. Looking at the universe of all the facts. And then we might look at federal law? Well, they apply Strickland in California. We'll give you the 30 seconds anyway. Okay. Thank you. We might even give you a minute. Elizabeth Falk from the Federal Public Defender on behalf of Petitioner. The district court's order should be affirmed. The district court concluded that the California State Court made an objectively unreasonable determination of the facts, both under 2254 D1 and D2. It conducted an intrinsic review, despite the fact that the law in Taylor would be developed later. After conducting that intrinsic review, it determined that the fact-finding process in the state court was deficient. At that point, under Taylor, E1 and the presumption of correctness do not apply. Nunez and Taylor govern this appeal. They are good law in this circuit. The Supreme Court has had an opportunity to comment on Nunez and has passed. And as such, the district court must be affirmed. The problem that existed in the state court is threefold. First, the state court made evidentiary findings without holding a hearing and did not give the petitioner an opportunity to present evidence. This is akin to the situation in your case. When you say he wasn't given an opportunity, did he request from the state court that he have a hearing? Now, in California, as I recall, when you raise habeas on appeal, you can get a hearing. They can actually refer it to a master if they want. Yes, and it's not required that it be requested, as Judge Reinhart stated. I don't have that site. Perhaps not, though. Our case in Buckley said that if you don't request it, they don't have to raise it sua sponte, and you're saying they do have to raise it sua sponte. Well, I think Buckley said that unless the record makes it apparent that there should be a hearing. But I don't know the member of the case either, but I know before Buckley we do have a case that says in California that there need not be a specific request. But I don't think Buckley is inconsistent with that. And I will point out that in the petition. I mean, if there's no purpose to a hearing, you don't have to have a hearing. If there is a reason for a hearing, there should be a hearing. Let's assume he was misadvised. I think the California Court of Appeal basically did that. It said assume he's misadvised. Now the question is, was he prejudiced? Yes. And Garcia on that point submitted a declaration that said that he was. Correct. And although the court noted that declaration, it then did not address it at all, which was part of the failure that the district court noted in granting a federal evidentiary hearing. In Taylor at page 1001, a state court fact-finding process is undermined when the state court has before it yet apparently ignores evidence that supports the plaintiff's claim. Well, there's no indication it ignored it. I don't think a state court, we're certainly not going to apply, put on them what we put on ALJs. I don't think a state court has to speak to every piece of evidence before it. The court has his declaration. The court has the statement from counsel. It chooses to accept the other. The fact that he says, oh, I was prejudiced, that hardly goes very far, does it? And he didn't give him his letter, by the way, not that I think his letter is very significant, but he didn't give him the letter. Is that right? He didn't have access to the letter at that time. Whatever. He didn't give them the letter. Is that correct? That's correct. But what is missing in your analysis of the state court with due respect is that they took that statement made by his trial counsel out of context. Trial counsel was not called upon, as trial counsel was in Lambert, to submit to a position about how he counseled Petitioner and whether Petitioner would have taken the deal had he known the correct maximum. What the state court did is take a statement made in the context of an attorney begging for a low sentence, not called upon to explain his actions. And that is what the district court seized upon in this case, that for that to be the reason to find no prejudice was objectively unreasonable. That is why the district court granted a hearing. It concluded that the fact-finding process was deficient. And in doing so, in taking that statement out of context, it does not in any way give any credit to the contrary declaration of Garcia. It just says here's a statement of counsel and that's it. It basically makes a credibility determination about Mr. Garcia's declaration without giving him an opportunity to be heard. And that was the problem in Nunez. In Nunez, the court took the declaration and dismissed it and looked for other evidence in the record. And that is the problem here. This case is directly parallel to Nunez. And that is why the district court must be affirmed. Now, counsel makes a reference to Lambert and Buckley. And as Judge Reinhart aptly pointed out, there there was process. There was a fact-finding process in those cases. No, there was no hearing. But look at all that the Lambert court did. It solicited expert declarations on behalf of the petitioner, ordered the deposition of the attorney. It specifically considered Lambert's declaration. It did a lot of things. It had a quasi-hearing. That's what happened in Buckley. In this case, there was no quasi-hearing. That is why Nunez applies. Once the district court determines under D-1 or D-2, and the standard of unreasonableness is the same under both subsections, D-1 is when the district court can find that the state court's application of the facts to the law was unreasonable. D-2 is when they find that the determination of the facts was unreasonable. One is a question of law. The second, D-2, is a question of how the state court treats the facts. Taylor instructs us that an intrinsic review is required. If the court fails, if the state court fails, then there is no need to cloak those findings in a presumption of correctness. The district court at 1001 and Taylor, excuse me, at 1008, when it is determined that the state court fact-finding is unreasonable, the district court has an obligation to set aside those findings and, if necessary, make new findings. That's Taylor at 1008. That is what the district court did in this case. There is nothing wrong with the legal standard employed, and there is nothing wrong with the process that the district court went through, conducted the hearing, because the state court didn't do its job. If the state court wants to cloak its findings in a presumption of correctness, it needs to do the work. In this case, the state court did not do the work. That's the problem. The district court's decision is correct. Thank you, counsel. Just briefly, I'd like to make three points because I don't have much time. But the defense attorney's statement made at sentencing was not out of context. He was specifically talking about the offer. He admitted he was mistaken not to hit Mr. Garcia over the head and force him to take the offer. At the time, he would have known that his advice about the maximum term was incorrect. But he didn't, and he said he was making a mistake. He's sitting there, he's pleading for mercy, and he claimed to have made a mistake, but he didn't say anything about Mr. Garcia would have taken the steal if I hadn't told him of the maximum sentence. Basically, he's saying I made a mistake because I didn't hit him over the head with a pan and force him to take the sentence, because he really didn't want to take a 13-year offer, given that he was only 19 years old at the time. So as just in Lambert, listening to something that has nothing to do with the statute of limits. There are three points you wanted to make. Yes, I'm sorry. I'm sorry. You've taken your full minute, and you haven't finished your first one. Okay. I'm sorry. I'll just make one other point. The failure to present the evidence in State court was Garcia's. It was not the State court's fault. Buckley says it's not the State court's job to figure out what petitioner needs to present enough evidence. And since the district court gave no deference to the State findings, and the new evidence in Federal court didn't amount to clear and convincing evidence that the State court erred, the court should reverse the granting of the petition. Thank you, counsel. Thank you both very much. The case just argued will be submitted. The court will stand in recess for a week.  Thank you.
judges: Reinhardt, Noonan, Fernandez